## STATE OF CONNECTICUT *v.* ERIC A. DEAN
### (AC 24971)

Flynn, Bishop and Hennessy, Js.*

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued December 1, 2005—officially released February 28, 2006

*Richard S. Cramer*, for the appellant (defendant).

*Jessica Probolus*, special deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Thomas R. Garcia*, assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Eric A. Dean, appeals from the judgment of conviction, rendered after a jury trial, of one count of robbery in the second degree in violation of General Statutes § 53a-135 (a) (2),[1] and one

---

[1] General Statutes § 53a-135 (a) provides: "A person is guilty of robbery in the second degree when he commits robbery as defined in section 53a-133 and (1) he is aided by another person actually present; or (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument." The display of a dangerous weapon is the only element in question.

count of conspiracy to commit robbery in the second degree in violation of General Statutes §§ 53a-48[2] and 53a-135 (a) (2). On appeal, the defendant claims that the trial court improperly precluded testimony from his psychotherapist, which he argues would have established that the act in question was larceny and not robbery because it would have shown the absence of the display of or the threat to use a dangerous instrument, an essential element of robbery in the second degree.[3] The defendant argues that the preclusion violated his constitutional rights to due process and to present a defense.

The jury reasonably could have found the following relevant facts. The defendant and another man, Harold Rollins, planned to rob the manager of a Blockbuster video store at Bishops Corner in West Hartford as the manager walked with a cash deposit to a bank. The defendant knew that the manager, Lloyd Darle, walked to the bank every morning with large sums of money because the defendant's daughter used to work at the video store and informed him of the procedure.

On the morning of July 20, 2002, the manager and one of his employees, Alicia Holt, set out on foot to make a deposit at an area bank. Before they reached the bank, a car driven by Rollins approached them.

---

[2] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[3] The defendant's argument on appeal varies slightly from his argument at trial. At trial, the defendant argued that the testimony in question would have shown the absence of the use of or the threat to use a dangerous instrument, an essential element of robbery in the first degree, the controlling offense. On appeal, the defendant argues that the testimony in question would have shown the absence of the display of or the threat to use what he represents to be a dangerous weapon, an essential element of robbery in the second degree, the lesser included offense of which he was convicted.

The defendant, from the passenger seat, ordered the manager to give him the deposit money. The defendant was handed an empty bag. The defendant became irritated and exited the car brandishing a steel pipe approximately ten to fourteen inches long. The defendant then raised the pipe over the manager's head and again demanded that the manager give him the deposit money. The manager handed the defendant $4000 or $5000. The defendant then got back into the car, and Rollins drove away.

Darle and Holt immediately telephoned the police. They ultimately identified the defendant as the robber. The defendant was arrested and charged with one count of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (3)[4] and 53a-8 (a),[5] and one count of conspiracy to commit robbery in the first degree in violation of §§ 53a-134 (a) (3) and 54a-48 (a). The long form information did not specify the name or names of the alleged victim or victims. On October 16, 2003, after a jury trial, the defendant was found guilty of the lesser included offenses of robbery in the second degree in violation § 53a-135 (a) (2) and conspiracy to commit robbery in the second degree in violation of §§ 53a-48 and 53a-135 (a) (2).

During the trial, the defendant attempted to elicit testimony from his psychotherapist, Eric Robinson,

---

[4] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument . . . ."

[5] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

which the defendant claims would have established that the act in question was larceny and not robbery because the testimony would have shown the absence of the use or threat of physical force on another person, an essential element of robbery. During an offer of proof, Robinson testified essentially that the defendant communicated to him that he planned to take money from a Blockbuster store and that "he had a manager on the inside who was complicit . . . ." The defendant argued to the court that Robinson's proffered testimony showed the absence of the use or threat of physical force on another person during the act in question because Darle knew that the defendant never intended to use physical force. In other words, the threat of physical force was just an act because both the defendant and Darle knew that Darle eventually would hand over the deposit money. The state objected to the testimony. The court ruled that although the testimony satisfied the present statement of future intent hearsay exception embodied in § 8.3 (4) of the Connecticut Code of Evidence, the evidence was not relevant and, thus, not admissible.

The defendant claims that the court's ruling violated his constitutional rights to due process and to present a defense and, thus, the judgment should be reversed and the case remanded for a new trial. The state argues that the court's ruling was proper and that even if it were not, any impropriety was harmless and, thus, the judgment should be affirmed.

We need not address whether the court's ruling was improper because even if we assume arguendo that the ruling was improper, any impropriety was patently harmless. "The allocation of the burden of proof under harmless error analysis depends on whether the error reaches the level of a constitutional violation. If the error is of constitutional magnitude, then the burden is on the state to prove that this error was harmless

beyond a reasonable doubt." *State* v. *Flanders*, 214 Conn. 493, 500, 572 A.2d 983, cert. denied, 498 U.S. 901, 111 S. Ct. 260, 112 L. Ed. 2d 217 (1990). "When a trial error in a criminal case does not involve a constitutional violation the burden is on the defendant to demonstrate the harmfulness of the error." Id., 502.

Even if we further assume that the alleged impropriety is of constitutional magnitude, the state has proven that the alleged impropriety was harmless beyond a reasonable doubt because the defendant would still have been convicted even if Robinson's testimony were admitted. The defendant was convicted of the lesser included offense of robbery in the second degree in violation of § 53a-135 (a) (2), which requires a person to commit robbery as defined in section 53a-133[6] and "in the course of the commission of the crime . . . displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument." The record clearly shows that the defendant displayed the steel pipe in the presence of Holt and Darle. It therefore is irrelevant whether Darle was aware that the defendant never intended to use the steel pipe as a weapon.

The defendant does not argue that Holt was aware that the threat was an act and that he never intended to use the steel pipe as a weapon. Thus, the element of the crime requiring the display of a dangerous instrument was clearly satisfied when the defendant displayed the steel pipe in the presence of Holt.[7] The state,

---

[6] General Statutes § 53a-133 provides: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

[7] The defendant's claim assumes that (1) an otherwise dangerous instrument is not dangerous if the alleged victim is aware that the defendant will never use it as a weapon and (2) the defendant displayed the steel pipe

therefore, has proven that the alleged error was harmless beyond a reasonable doubt because Robinson's testimony would not have had a tendency to influence the judgment of the jury, as the state proved that the defendant's conduct satisfied all the elements of robbery in the second degree. See *State* v. *Peeler*, 271 Conn. 338, 399, 857 A.2d 808 (2004), cert. denied, 546 U.S. 845, 126 S. Ct. 94, 163 L. Ed. 2d 110 (2005).

The judgment is affirmed.

In this opinion the other judges concurred.

only to Darle. The defendant does not cite any authority for his argument that an otherwise dangerous instrument is not dangerous if the victim is aware that the defendant will never use it as a weapon.

We need not address that issue because even if the defendant's argument is correct, it is not applicable to the present case because the defendant's second assumption is incorrect. There is nothing in the record that indicates that the defendant was convicted of robbery in the second degree solely because he displayed the steel pipe in the presence of Darle. Holt was also present when the defendant displayed and threatened to use the steel pipe. It is, therefore, irrelevant whether the dangerous instrument element of the crime was satisfied when the steel pipe was displayed to Darle because it was clearly satisfied when it was it displayed to Holt, who was unaware that the defendant allegedly never intended to use the steel pipe as a weapon.